Case No. 14-15139

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**CITY OF SAN JOSÉ; CITY OF SAN JOSÉ AS SUCCESSOR AGENCY TO THE REDEVELOPMENT AGENCY OF THE CITY OF SAN JOSÉ; and THE SAN JOSÉ DIRIDON DEVELOPMENT AUTHORITY,**

*Plaintiffs and Appellants,*

v.

**OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association doing business as Major League Baseball; and ALLAN HUBER "BUD" SELIG,**

*Defendants and Appellees.*

On Appeal from the United States District Court,
Northern District of California
Case No. 13-CV-02787-RMW, Honorable Ronald M. Whyte, Judge

## MOTION TO EXPEDITE BRIEFING AND HEARING ON APPEAL

| | |
|---|---|
| **COTCHETT, PITRE & McCARTHY, LLP** | **OFFICE OF THE CITY ATTORNEY** |
| JOSEPH W. COTCHETT (SBN 36324) | RICHARD DOYLE (SBN 88625) |
| PHILIP L. GREGORY (SBN 95217) | NORA FRIMANN (SBN 93249) |
| FRANK C. DAMRELL, JR. (SBN 37126) | 200 East Santa Clara Street, 16th Fl. |
| ANNE MARIE MURPHY (SBN 202540) | San José, California 95113 |
| 840 Malcolm Road | Telephone: (408) 535-1900 |
| Burlingame, California 94010 | Facsimile: (408) 998-3131 |
| Telephone: (650) 697-6000 | |
| Facsimile: (650) 692-3606 | |

*Attorneys for Plaintiffs and Appellants*

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................. 1

II. FACTUAL BACKGROUND ............................................................... 5

III. PROCEDURAL BACKGROUND ........................................................ 6

IV. LEGAL ARGUMENT ........................................................................... 8

    A. Good Cause Exists to Expedite this Appeal ............................. 8

    B. This Cases Involves the Resolution of a Critically Important Federal Question ............................................... 10

    C. This Appeal Involves a Case of Public Importance ............. 11

V. STATUS OF TRANSCRIPT PREPARATION ................................. 12

VI. POSITION OF OPPOSING COUNSEL ........................................... 12

VII. CONCLUSION ................................................................................... 12

# **TABLE OF AUTHORITIES**

**CASES**

*Federal Baseball Club v. National League* (1922)
   259 U.S. 200 ................................................................ 2, 7, 8 , 10, 11

*Flood v. Kuhn* (1972)
   407 U.S. 258 ................................................................................ 2, 3, 7

*Radovich v. National Football League* (1957)
   352 U.S. 445 ...................................................................................... 3, 7

*Salerno v. American League of Professional Baseball Clubs*
(2d Cir. 1970)
   429 F.2d 1003 ........................................................................................ 11

*Toolson v. New York Yankees* (1953)
   346 U.S. 356 ............................................................................................ 2

*United States v. Brown* (9th Cir. 1991)
   936 F.2d 1042 .......................................................................................... 5

*United States v. Topco Assocs., Inc.* (1972)
   405 U.S. 596 ............................................................................................ 5

*Zukowski v. Howard, Needles, Tammen, & Bergendoff*
(D. Colo. 1987)
   115 F.R.D. 53 ........................................................................................ 10

**STATUTES**

28 U.S.C. § 1657 ............................................................................... 1, 4, 10

**OTHER AUTHORITIES**

*A Derelict in the Stream of Law: OverrulingBaseball's Antitrust Exemption*
(1999) 48 Duke L.J. 1265
    By Morgan A. Sullivan ........................................................................... 11

*Baseball Economics and Antitrust Immunity*
(1994) 4 Seton Hall J. Sport L. 287
    By Andrew Zimbalist ............................................................................. 11

*The Baseball Trust*
(Oxford, 2013)
    By Stuart Banner .................................................................................... 11

Federal Practice and Procedure § 2351 (3d ed. 2010)
    By Charles Alan Wright & Arthur R. Miller ......................................... 11

*In Name Only: How Major League Baseball's Reliance on Its Antitrust Exemption Is Hurting the Game*
(2012) 54 Wm. & Mary L. Rev. 587
    By Samuel G. Mann ............................................................................... 11

*The Irrelevance of Baseball's Antitrust Exemption: A Historical Review*
(2005) 58 Rutgers L. Rev. 1
    By Mitchell Nathanson .......................................................................... 11

*The Need for Fair Play: Repealing the Federal Baseball AntitrustExemption*
(1993) 45 Fla. L. Rev. 201
    By Connie Mack & Richard M. Blau ..................................................... 11

*Reconsidering Flood v. Kuhn*
(1994-1995) 12 U. Miami Ent. & Sports L. Rev. 169
    By Stephen F. Ross ................................................................................ 11

I.      **INTRODUCTION**

Pursuant to **28 U.S.C. § 1657** and Circuit Rules **27-12** and **34-3**, Plaintiffs/Appellants City of San José, City of San José as Successor Agency to the Redevelopment Agency of the City of San José, and the San José Diridon Development Authority (collectively "City of San José") hereby respectfully request that this Court expedite the briefing and hearing date on this appeal.

Good cause exists for expediting the briefing and the hearing for this appeal because the City of San José will suffer irreparable harm if this appeal is not heard before **November 8, 2014**. The City of San José and the Athletics Investment Group LLC ("Athletics") have entered into an Option Agreement for the relocation of the Oakland A's Major League Baseball team from Oakland to San José. The option term expires on November 8, 2014. Apprised of the Option Agreement, Defendants/Appellees Major League Baseball and Commissioner Allan Huber "Bud" Selig (collectively "MLB) have delayed for almost **three (3) years** from allowing the City of San José and the Athletics to build a stadium. A true and correct copy of the Option Agreement is attached as **Exhibit B** to the Declaration of Philip L. Gregory filed herewith ("Gregory Declaration").

1

This case involves a question of great public importance regarding the validity and contours of the so-called "baseball exemption" to the American antitrust laws. The "baseball exemption" is a highly questionable precedent set in <u>1922</u> in *Federal Baseball Club v. National League*, 259 U.S. 200 (1922), a decision granting MLB an indefensible exemption to the American antitrust laws that govern every other business and industry in the United States. Justice Blackmun referred to the "baseball exemption" as an "anomaly and aberration," writing that "[w]ith its reserve system enjoying exemption from the federal antitrust laws, baseball is, in a very distinct sense, an exception and an anomaly. *Federal Baseball* and *Toolson* [*v. New York Yankees*, 346 U.S. 356 (1953] have become an aberration confined to baseball." *Flood v. Kuhn*, 407 U.S. 258, 282 (1972).

Justice Douglas added that "[t]his Court's decision in *Federal Baseball Club v. National League*, 259 U.S. 200, made in 1922, **is a derelict in the stream of the law that we, its creator, should remove**." *Id.* at 286, emphasis added.

**Judge Ronald W. Whyte**, from whose court this appeal arises, wrote that he was bound by the 1922 decision but added:

> **"This court agrees with the other jurists that have found baseball's antitrust exemption to be 'unrealistic, inconsistent, or illogical.' The exemption is an 'aberration'**

2

**that makes little sense given the heavily interstate nature of the 'business of baseball' today."**

*City of San José, et al. v. Office of the Commissioner of Baseball, et al.*, Case No. 13-cv-02787-RMW, Dkt. No. 41, pg. 15:18-21, emphasis added; *citing Radovich v. National Football League*, 352 U.S. 445, 452 (1957); *Flood*, 407 U.S. at 282. A true and correct copy of Judge Whyte's decision on the Motion to Dismiss is attached as **Exhibit C** to Gregory Declaration.

Good cause exists to expedite the briefing and hearing on this appeal because MLB has and continues to deny the rights of baseball clubs and cities to freely negotiate relocation based on indisputably anticompetitive conduct. MLB's conduct is sanctioned based on highly questionable legal precedent and, if allowed to continue, will cause irreparable harm to the City of San José, as well as many other operations of baseball – all of which should be governed by the same antitrust laws affecting **all other sports in the United States**. MLB has operated and continues to openly operate in violation of American antitrust laws based on this 1922 legal authority that is unsupported by contemporary jurisprudence. There is a strong public interest in preventing this illegal conduct from continuing and, if this matter is not heard expeditiously, the option will expire.

On June 18, 2013, the City of San José filed its complaint. Dkt. No. 1; **Exhibit A** to Gregory Declaration. On October 11, 2013, Judge Whyte

3

issued his Order Granting-in-Part and Denying-in-Part Defendants' Motion to Dismiss, dismissing the federal and state antitrust claims resulting from MLB's refusal to allow the Athletics to relocate to San José. Dkt. No. 41; **Exhibit C** to Gregory Declaration. The record on appeal will be short and can be compiled easily and forwarded to the Ninth Circuit Court of Appeals.

The current briefing schedule is as follows:

- The City of San José's opening brief due May 5, 2014.

- MLB's response brief due June 4, 2014.

- The City of San José's reply brief due June 18, 2014.

- Oral argument has not been scheduled.

The City of San José proposes the followed expedited briefing schedule:

- The City of San José's principal brief due February 10, 2014.

- MLB's response brief due March 10, 2014.

- The City of San José's reply brief due March 24, 2014.

Good cause exists to expedite this appeal because this appeal qualifies as a case of public importance. This Court should expedite the briefing and oral argument schedule for this appeal pursuant to **28 U.S.C. § 1657** and Circuit Rules **27-12** and **34-3**.

## II.     FACTUAL BACKGROUND

This appeal arises out of MLB's exclusive territorial rights agreement between and among member clubs, which constitutes a blatant market allocation scheme that is **illegal** under the American antitrust laws in all other professional sports.  Dkt. No. 1, ¶¶ 1, 4-11; **Exhibit A** to Gregory Declaration.  "A market allocation agreement between competitors at the same market level is a classic *per se* antitrust violation." *United States v. Brown*, 936 F.2d 1042, 1045 (9th Cir. 1991), *citing United States v. Topco Assocs., Inc.*, 405 U.S. 596, 608 (1972).  Pursuant to this illegal exclusive territorial rights agreement, MLB has refused to permit the Athletics Club to relocate from Oakland to San José, purportedly because the San Francisco Giants Club "owns" the exclusive territorial rights to San José.  Dkt. No. 1, ¶¶ 19, 21; **Exhibit A** to the Gregory Declaration.

After years of preliminary negotiations, in November 2011, the City of San José and the Athletics entered into an Option Agreement which granted the Athletics a two year option (with a one year extension) to acquire property in San José, and relocate the Athletics baseball team to San José.  *Id.* at ¶ 76.  The City of San José spent considerable time, resources, political capital, and effort to secure the rights to property within San José that would be able to accommodate a professional sports stadium.  The

Option Agreement included an extension for a third year. *Id*. The Athletics exercised this extension for a third year, thus extending the option through **November 2014**. *See* Gregory Declaration, ¶ 5.

The reason that the Athletics have not yet been able to exercise their option is because MLB continues to **refuse** to allow the Athletics to relocate to San José, illegally restraining competition pursuant to the MLB Constitution and the exclusive territorial rights agreement between and amongst the MLB Clubs. After the expiration of the current Option Agreement in November 2014, the City of San José may not be able to put together the same option package as set forth in the current Option Agreement, and the current opportunity for successfully relocating the Athletics from Oakland to San José will be lost because of MLB's illegal conduct.

### III. PROCEDURAL BACKGROUND

On June 18, 2013, the City of San José filed this case against MLB bringing both federal claims under the federal antitrust laws and California state law claims. Dkt. No. 1; **Exhibit A** to Gregory Declaration. On August 7, 2013, MLB filed a motion to dismiss. Dkt. No. 25. On October 4, 2013, the Court heard the motion to dismiss. Dkt. No. 38. On October 11, 2013,

Judge Whyte denied the motion to dismiss as to the California state law[1] interference claims for damages, but granted the motion to dismiss as to the federal antitrust law claims under *Federal Baseball*.  Dkt. No. 41; **Exhibit C** to the Gregory Declaration.

Judge Whyte agreed with other jurists, finding baseball's antitrust exemption to be "**unrealistic, inconsistent or illogical**." *Id.* at 15:18-19, emphasis added.  Judge Whyte also found "the exemption is an 'aberration' that makes little sense given the heavily interstate nature of the 'business of baseball' today." *Id.* at 15:19-21.  However, Judge Whyte was duty bound to grant the motion to dismiss because, "[d]espite this recognition, the court is still bound by the Supreme Court's holdings …." *Id.* at 15:21-22.

Although Judge Whyte dismissed the City of San José's antitrust and unfair competition claims due to Supreme Court precedent, he recognized the serious legal and factual flaws underlying that precedent:

> **"This court agrees with the other jurists that have found baseball's antitrust exemption to be 'unrealistic, inconsistent, or illogical.'  The exemption is an 'aberration' that makes little sense given the heavily interstate nature of the 'business of baseball' today."**

*Id.* at 15:18-21, emphasis added; *citing Radovich v. National Football League*, 352 U.S. 445, 452 (1957); *Flood*, 407 U.S. at 282.

---

[1] The state law interference claims were subsequently dismissed without prejudice.  Dkt. No. 51.

7

## IV.   LEGAL ARGUMENT

### A.   Good Cause Exists to Expedite this Appeal

MLB has conducted its business in violation of the antitrust laws of the United States since the United States Supreme Court decision in *Federal Baseball Club*, a decision that was dubious in 1922 and certainly indefensible in 2014. MLB should not be allowed to flout the antitrust laws by taking advantage of the inherent delay in legal proceedings in the hopes of stopping the move. This will cause such irreparable harm to San José that an eventual judgment in the City's favor will be too late to allow the Athletics to successfully relocate to San José.

Circuit Rule 27-12 provides that "[m]otions to expedite briefing and hearing may be filed and will be granted upon a showing of good cause." "Good cause" includes, but is not limited to, "situations in which . . . in the absence of expedited treatment, irreparable harm may occur or the appeal may become moot."

Here, the Option Agreement for the Athletics to relocate to San José expires on November 8, 2014. If the appeal is not expedited, the City of San José will suffer irreparable harm because the Option Agreement will have lapsed. In that event, the City of San José, after spending years, great resources, and efforts to secure the relocation of the Athletics, will lose the

8

benefits attendant to hosting a professional baseball franchise.² Dkt. No. 1, ¶¶ 67-76; **Exhibit A** to Gregory Declaration. The property covered by the Option Agreement is uniquely able to handle the requirements of supporting a professional baseball stadium. If the Option Agreement is allowed to lapse, the City of San José may not be able to put together an option package similar to the one in the current Option Agreement for the successful relocation of the Athletics from Oakland to San José.

While damages for the economic harm caused by MLB would still offer some remedy to the City of San José, such a remedy is inadequate. Ultimately, MLB's illegal conduct would have been successful in preventing free competition in the baseball market. Dkt. No. 1, ¶ 133; **Exhibit A** to Gregory Declaration. The only true remedy is an expedited briefing schedule and hearing with a final decision from this Court prior to November 8, 2014 in order that the Athletics will be permitted to exercise the option set forth in the Option Agreement.

/ / /

---

² The City of San José has already competed for and succeeded in the competition for an option agreement with the Athletics. The only impediment to this free competition is the antitrust violations this lawsuit seeks to redress.

9

### B. This Cases Involves the Resolution of a Critically Important Federal Question

Circuit Rule 34-3 defines priority cases to include "[a]ppeals entitled to priority on the basis of good cause under 28 U.S.C. § 1657." 28 U.S.C. § 1657 provides each court with the authority to determine the order in which civil actions are heard and determined and permits expediting the consideration of any action if good cause is shown. "Good cause" is shown "if a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit." 28 U.S.C. § 1657. "It is abundantly clear that Congress intended to give preference on crowded court dockets to federal questions." *Zukowski v. Howard, Needles, Tammen, & Bergendoff*, 115 F.R.D. 53, 55 (D. Colo. 1987).

Such is the case here. This appeal relates to a **purely federal question** of significant importance regarding the validity and appropriate scope of the so-called "baseball exemption" to the American antitrust laws. This purported exemption is based on a 1922 decision of the United States Supreme Court that professional baseball did not involve "interstate commerce," a proposition of no validity today.[3] *See Federal Baseball Club*,

---

[3] Many Judges and commentators have opined and written on the antiquated nature of *Federal Baseball*. Writing for the Second Circuit, Judge Friendly

259 U.S. at 206. Given the irreparable harm that will accrue to the City of San José if this appeal is not expedited, as well as the importance of promptly answering this simple and straightforward federal question, expedited briefing and hearing on this appeal is warranted.

### C.  This Appeal Involves a Case of Public Importance

The Court controls its docket and can give preference to cases of public importance. 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2351 (3d ed. 2010). This is a case of public importance since it relates to a business that is actively and openly in violation of American antitrust laws, and committing illegal acts that cause significant ongoing harm to competition. Expedited briefing and an

---

commented, "We freely acknowledge our belief that *Federal Baseball* was not one of Mr. Justice Holmes' happiest days [and] that the rationale of *Toolson* is extremely dubious …" *Salerno v. American League of Professional Baseball Clubs*, 429 F.2d 1003, 1005 (2d Cir. 1970), *cert. denied*, 400 U.S. 1001 (1971). As legal historian Stuart Banner writes in the introduction to his recent book *The Baseball Trust*, "Scarcely anyone believes that baseball's exemption makes any sense." (Oxford, 2013). *See* Samuel G. Mann, *In Name Only: How Major League Baseball's Reliance on Its Antitrust Exemption Is Hurting the Game*, 54 Wm. & Mary L. Rev. 587 (2012); Mitchell Nathanson, *The Irrelevance of Baseball's Antitrust Exemption: A Historical Review*, 58 Rutgers L. Rev. 1 (2005); Morgan A. Sullivan, *A Derelict in the Stream of Law: Overruling Baseball's Antitrust Exemption*, 48 Duke L.J. 1265 (April 1999); Stephen F. Ross, *Reconsidering Flood v. Kuhn*, 12 U. Miami Ent. & Sports L. Rev. 169 (1994-1995); Andrew Zimbalist, *Baseball Economics and Antitrust Immunity*, 4 Seton Hall J. Sport L. 287 (1994); and Connie Mack & Richard M. Blau, *The Need for Fair Play: Repealing the Federal Baseball Antitrust Exemption*, 45 Fla. L. Rev. 201 (1993).

11

expedited hearing on this appeal is necessary to prevent serious harm to the City of San José on a matter of public importance.

## V. STATUS OF TRANSCRIPT PREPARATION

Appellants timely ordered the preparation of all transcripts on **January 27, 2014**. The transcripts will be finalized within the next few days. *See* Gregory Declaration, ¶ 6.

## VI. POSITION OF OPPOSING COUNSEL

On January 21, 2014, counsel for Appellants wrote counsel for MLB informing counsel of this Motion and requesting MLB's position. On January 22, 2014, counsel for MLB responded stating that MLB opposes "any effort to expedite this appeal." MLB does not think an expedited appeal "is necessary" and believes "expedition would prejudice the careful consideration" this appeal deserves. Finally, MLB's position is that the expiration date of the Option Agreement "is a meaningless deadline, therefore no deadline at all." *See* Gregory Declaration, ¶ 7.

## VII. CONCLUSION

The City of San José respectfully requests that this Court grant this motion for expedited briefing and hearing of this appeal and order the briefing schedule be set as proposed in this motion or any other schedule that

would allow oral argument and a decision to occur significantly in advance of November 8, 2014.

Respectfully submitted,

Dated: January 29, 2014         **COTCHETT, PITRE & McCARTHY**

By:  */s/ Philip L. Gregory*
      JOSEPH W. COTCHETT
      PHILIP L. GREGORY
      FRANK C. DAMRELL, JR.
      ANNE MARIE MURPHY

**OFFICE OF THE CITY ATTORNEY**
      RICHARD DOYLE
      NORA FRIMANN

13