Case No. 14-15139

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**CITY OF SAN JOSÉ; CITY OF SAN JOSÉ AS SUCCESSOR AGENCY TO THE REDEVELOPMENT AGENCY OF THE CITY OF SAN JOSÉ; and THE SAN DIRIDON DEVELOPMENT AUTHORITY,**

*Plaintiffs and Appellants,*

v.

**OFFICE OF THE COMMISSIONER OF BASEBALL, an unincorporated association dba Major League Baseball; and ALLAN HUBER "BUD" SELIG,**

*Defendants and Appellees.*

On Appeal from the United States District Court
Northern District of California
Honorable Ronald M. Whyte, Presiding, Case No. 5:13-cv-02787-RMW

## OPPOSITION TO PLAINTIFFS'/APPELLANTS' MOTION TO EXPEDITE BRIEFING AND HEARING ON APPEAL

| | |
|---|---|
| **KEKER & VAN NEST LLP** | **PROSKAUER ROSE LLP** |
| JOHN W. KEKER, #49092 | BRADLEY I. RUSKIN (*pro hac vice*) |
| PAULA L. BLIZZARD, #207920 | PROSKAUER ROSE LLP |
| R. ADAM LAURIDSEN, #243780 | Eleven Times Square, NY, NY  10036 |
| THOMAS E. GORMAN, #279409 | Telephone:  212-969-3000 |
| | Facsimile:  212-969-2900 |
| 633 Battery Street | |
| San Francisco, CA 94111-1809 | SCOTT P. COOPER (SBN 96905) |
| Telephone:  415-391-5400 | SARAH KROLL-ROSENBAUM |
| Facsimile:  415-397-7188 | (SBN 254538) |
| | JENNIFER L. ROCHE (SBN 254538) |
| | SHAWN S. LEDINGHAM, JR. |
| | (SBN 275268) |
| | 2049 Century Park East 32nd Floor |
| | Los Angeles, CA  90067-3206 |
| | Telephone:  310-557-2900 |
| | Facsimile:  310-557-2193 |

*Attorneys for Defendants and Appellees*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................1

II. ARGUMENT ...................................................................................................3

    A. San José Has Acted Inconsistently With a Need to Expedite This Appeal .................................................................3

    B. No Legal Basis Exists to Expedite This Appeal............................5

        1. San José's Parochial Interest in Hosting a Major League Baseball Club Does Not Warrant Expedited Review of its Challenge to Professional Baseball's Antitrust Exemption .....................5

        2. The Expiration of the Purported Option Agreement Does Not Provide Good Cause to Expedite the Appeal ............................................................7

        3. Expedited Treatment is not Warranted Under 28 USC § 1657 ......................................................................11

III. CONCLUSION...............................................................................................12

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Big Country Foods, Inc. v. Bd. of Educ.*
  868 F.2d 1085 (9th Cir. 1989) ............................................................... 10

*CFNR Operating Co. v. City of Am. Canyon*
  282 F. Supp. 2d 1114 (N.D. Cal. 2003) ................................................. 10

*Charles O. Finley & Co. v. Kuhn*
  569 F.2d 527 (7th Cir. 1978) ................................................................. 6

*Fed. Baseball Club of Balt., Inc. v. Nat'l League of Prof'l Baseball Clubs*
  259 U.S. 200 (1922) ............................................................................... 5

*Flood v. Kuhn*
  407 U.S. 258 (1972) ........................................................................... 6, 7

*Hale v. Brooklyn Baseball Club, Inc.*
  No. 1294 (N.D. Tex. Sept. 19, 1958) ...................................................... 6

*Haywood v. Nat'l Basketball Ass'n*
  401 U.S. 1204 (1971) .............................................................................. 6

*L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*
  634 F.2d 1197 (9th Cir. 1980) ................................................................ 9

*L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*
  726 F.2d 1381 (9th Cir. 1984) .............................................................. 11

*Major League Baseball v. Butterworth*
  181 F. Supp. 2d 1316 (N.D. Fla. 2001) .................................................. 6

*Major League Baseball v. Crist*
  331 F.3d 1177 (11th Cir. 2003) .............................................................. 6

*McCoy v. Major League Baseball*
  911 F. Supp. 454 (W.D. Wash. 1995) .................................................... 6

*Morsani v. Major League Baseball*
  79 F. Supp. 2d 1331 (M.D. Fla. 1999) ................................................... 6

*Nader v. Land*
  115 F. App'x 804 (6th Cir. 2004) ........................................................... 4

*Nat'l Basketball Ass'n v. SDC Basketball Club, Inc.*
  815 F.2d 562 (9th Cir. 1987) ................................................................ 11

*New Orleans Pelicans Baseball, Inc. v. Nat'l Ass'n of Prof'l Baseball Leagues*
  No. 93-253, 1994 U.S. Dist. LEXIS 21468 (E.D. La. Mar. 1, 1994) .................... 6

*Niemiec v. Seattle Rainier Baseball Club*
  67 F. Supp. 705 (W.D. Wash. 1946) ........................................................ 6

*Portland Baseball Club, Inc. v. Balt. Baseball Club, Inc.*
  282 F.2d 680 (9th Cir. 1960) ............................................................ 6, 7

*Portland Baseball Club, Inc. v. Kuhn*
  368 F. Supp. 1004 (D. Or. 1971), *aff'd* 491 F.2d 1101 (9th Cir. 1974) ................................................................... 6

*Prof'l Baseball Sch. & Clubs, Inc. v. Kuhn*
  693 F.2d 1085 (11th Cir. 1982) ............................................................ 6

*Radovich v. Nat'l Football League*
  348 U.S. 445 (1957) ........................................................................ 6

*Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*
  944 F.2d 597 (9th Cir. 1991) .............................................................. 9

*Salerno v. Am. League of Prof'l Baseball Clubs*
  429 F.2d 1003 (2d Cir. 1970) .............................................................. 6

*Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.)*
  502 F.3d 1086 (9th Cir. 2007) ............................................................. 8

*Toolson v. N.Y. Yankees, Inc.*
  346 U.S. 356 (1953) ........................................................................ 6

*Triple-A Baseball Club Ass'n v. Ne. Baseball, Inc.*
  832 F.2d 214 (1st Cir. 1987) .............................................................. 6

*United States v. Int'l Boxing Club*
  238 U.S. 236 (1955) ........................................................................ 6

*United States v. Shubert*
  348 U.S. 222 (1955) ........................................................................ 6

**State Cases**

*City of San José v. Office of the Commissioner of Baseball*
  No. CISCV178546 (Cal. Super. Ct. Santa Cruz filed Jan. 23, 2014) ............. 4, 10

*Minn. Twins P'ship v. State*
  592 N.W.2d 847 (Minn. 1999) .............................................................. 6

*Stand for San José v. City of San José*
  No. 111-CV-214196 (Cal. Super. Ct. Santa Clara filed Dec. 2, 2011) ............................................................................... 10

802860.01

*Stand for San José v. City of San José*
 Nos. 111-CV-214196, 113-CV-250372 (Cal. Super. Ct. Santa
 Clara Dec. 16, 2013) ................................................................................ 4, 10

*Wis. v. Milwaukee Braves, Inc.*
 31 Wis. 2d 699 (Wis. 1966) ............................................................................ 6

**Federal Statutes**

28 USC § 1657 ............................................................................................... 11, 12

**State Statutes**

Cal. Health & Safety Code § 34162 ...................................................................... 10

Cal. Health & Safety Code § 34167.5 ................................................................... 10

**Circuit Rules**

Cir. R. 27-12 .................................................................................................... 5, 12

Cir. R. 34-3 ........................................................................................................... 12

## I.    INTRODUCTION

Plaintiffs/Appellants City of San José, City of San José as Successor Agency to the Redevelopment Agency of the City of San José, and the San José Diridon Development Authority (collectively "Appellants" or "San José") made no previous effort to expedite resolution of this dispute and there is no basis to do so now. Indeed nothing material has changed except that San José's claims were dismissed by the District Court. Accordingly, this Court should reject San José's sudden request to expedite this appeal.

Contrary to San José's assertions, the legal issues in this appeal do not present a matter of public importance requiring expedited treatment. Simply put, San José is seeking to undo nearly a century of Supreme Court precedent holding that the business of baseball is exempt from the antitrust laws. In its motion, San José merely attempts to manufacture a sense of urgency out of its long-standing parochial interest in obtaining a Major League Baseball club.

San José makes no showing that it will suffer irreparable harm as a result of the expiration of the purported Option Agreement during the pendency of this appeal. The Option Agreement is not an agreement for the Oakland Athletics baseball club (the "Athletics") to relocate to San José. Rather, the Option Agreement is an invalid contract between San José and the Athletics that purports to give the Athletics an option to buy at a discount only some of the parcels of land

1

802860.01

the club would need to build a new stadium.  San José will not suffer any harm if the Option Agreement expires.  Indeed, the harm that San José alleges might occur is purely speculative and, in any event, financially compensable.

Finally, it is pure fiction that the antitrust exemption is the only obstacle to San José becoming the home of the Athletics.  In the unlikely event that San José succeeds in a reversal of the exemption, the relocation rules of the Office of the Commissioner of Baseball d/b/a Major League Baseball ("MLB") would have to be assessed under the antitrust laws.  Further, as Judge Whyte observed, the relocation of the Athletics to San José "depends on an assumption that future events will take place, including that (1) the A's choose to make the move and exercise the Option Agreement; (2) the City can legally perform the Option Agreement; and (3) the A's can obtain financing, regulatory approvals, and ultimately build the stadium."  Declaration of Philip L. Gregory, Exhibit C (Order) at 18.  As a practical matter, it would be virtually impossible that San José's desired result—for the Athletics to exercise their purported option under the Option Agreement and relocate to San José—could occur by November, 2014.

For these reasons, and as further demonstrated below, San José's motion should be denied.

////

////

## II.     ARGUMENT

### A.     San José Has Acted Inconsistently With a Need to Expedite This Appeal

There is nothing new about San José's interest in hosting the Athletics—San José has expressed this interest for approximately a decade. Compl. at ¶¶ 67-68. Since the Athletics first began exploring relocation to San José, MLB has assisted the club and has exercised its right to assess the club's relocation proposal according to established internal rules and procedures. As Judge Whyte recognized, "it is within MLB's authority to decide" whether it "ultimately approves or denies the relocation request." Declaration of Philip L. Gregory, Exhibit C, Order at 25. MLB has declined the Athletics' proposal to relocate to San José.

San José has not made serious efforts to expedite the adjudication of its claims in the past. San José first commenced this litigation nineteen months after the execution of the Option Agreement. At that time, it did not move for a temporary restraining order or a preliminary injunction. *See* Declaration of John Keker ("Keker Decl."), Exhibit 1, District Court docket. Once the trial court dismissed San José's antitrust and unfair competition claims in its October 11, 2013 order, San José did not dismiss its two remaining state claims in order to take an immediate appeal. *Id.* To the contrary, San José argued that the District Court

3

should keep the state claims as a matter of supplemental jurisdiction.[1]  See Keker Decl., Exhibit 2, Supplemental Joint Case Management Statement at 16-17 (Dec. 6, 2013).  Finally, after Judgment was entered on January 3, 2014, San José waited twenty days to file its notice of appeal and then waited nearly a week to seek expedited treatment of the appeal.  Keker Decl., Exhibit 3 (Judgment) and Exhibit 4 (Notice of Appeal).  San José's conduct is flatly inconsistent with its current demand to expedite this appeal.  *See Nader v. Land*, 115 F. App'x 804, 806 (6th Cir. 2004) (holding that expedited appeal was not warranted "where the appellants have delayed such a long time for no stated or apparent reason").

Further, San José fails to mention in its motion that the legal validity of the Option Agreement and the underlying environmental qualifications for the subject land have been challenged in a more than two-year-old state court proceeding.  *See* Compl. at ¶ 80.  In direct contradiction with its position here, San José has repeatedly delayed those state court proceedings.  For example, San José continues to propose that the court suspend preparation of the record and defer setting a schedule for briefing and trial.  *See* Keker Decl., Exhibit 5, Status Report for Case Management Conference at 2, 3-4, *Stand for San José v. City of San José*, Nos. 111-CV-214196, 113-CV-250372 (Cal. Super. Ct. Santa Clara Dec. 16, 2013).)

---

[1] San José has since refiled those claims in Santa Cruz Superior Court.  *City of San José v. Office of the Commissioner of Baseball*, No. CISCV178546 (Cal. Super. Ct. Santa Cruz filed Jan. 23, 2014).

4

San José's conduct demonstrates that it has no genuine need to expedite this appeal. To the contrary, all of the purported justifications San José has proffered are artificial and unwarranted.

**B.    No Legal Basis Exists to Expedite This Appeal**

To be entitled to expedition under Circuit Local Rule 27-12, San José is required to demonstrate that absent expedited treatment, irreparable harm may occur or its appeal may become moot. It has not satisfied this requirement, and cannot do so.

### 1.    San José's Parochial Interest in Hosting a Major League Baseball Club Does Not Warrant Expedited Review of its Challenge to Professional Baseball's Antitrust Exemption

San José attempts to characterize professional baseball's antitrust exemption as resting entirely on a single 1922 Supreme Court opinion and on the notion that professional baseball is not involved in interstate commerce. Mot. at 2-3, 10-11. This is a gross mischaracterization. The exemption is a nearly century-old policy based upon Congressional intent and *stare decisis*, which the Supreme Court has reaffirmed no fewer than six times since its 1922 opinion in *Fed. Baseball Club of Balt., Inc. v. Nat'l League of Prof'l Baseball Clubs*, 259 U.S. 200 (1922).[2]  *See*

---

[2] San José's characterization of the exemption as resting upon a misconception of whether professional baseball is involved in interstate commerce is equally disingenuous. The Supreme Court expressly recognized in 1972 that "[p]rofessional baseball is a business and it is engaged in interstate commerce," but nonetheless reaffirmed the exemption in deference to Congress's intent not to

5

*Flood v. Kuhn*, 407 U.S. 258, 285 (1972); *Toolson v. N.Y. Yankees, Inc.*, 346 U.S. 356, 357 (1953); *see also Haywood v. Nat'l Basketball Ass'n,* 401 U.S. 1204, 1205-06 (1971); *Radovich v. Nat'l Football League,* 348 U.S. 445, 451-52 (1957); *United States v. Int'l Boxing Club,* 238 U.S. 236, 241-42 (1955); *United States v. Shubert,* 348 U.S. 222, 230 (1955). It has also been repeatedly upheld by every Circuit Court to consider it, including the Ninth Circuit,[3] as well as the vast majority of District Courts and state courts.[4]

As the Supreme Court recognized in 1953, "The business [of baseball] has thus been left for thirty [now over ninety] years to develop, on the understanding that it was not subject to existing antitrust legislation." *Toolson*, 346 U.S. at 357.

---

regulate professional baseball and as a matter of *stare decisis*. *Flood v. Kuhn*, 407 U.S. 258, 282, 283-85 (1972).

[3] *See Portland Baseball Club, Inc. v. Balt. Baseball Club, Inc.*, 282 F.2d 680 (9th Cir. 1960); *Portland Baseball Club, Inc. v. Kuhn*, 368 F. Supp. 1004, 1008 (D. Or. 1971), *aff'd* 491 F.2d 1101, 1103 (9th Cir. 1974); *see also Major League Baseball v. Crist*, 331 F.3d 1177, 1183 (11th Cir. 2003); *Prof'l Baseball Sch. & Clubs, Inc. v. Kuhn*, 693 F.2d 1085, 1085-86 (11th Cir. 1982); *Charles O. Finley & Co. v. Kuhn*, 569 F.2d 527, 541 (7th Cir. 1978); *Salerno v. Am. League of Prof'l Baseball Clubs*, 429 F.2d 1003, 1005 (2d Cir. 1970); *Triple-A Baseball Club Ass'n v. Ne. Baseball, Inc.*, 832 F.2d 214, 216 n.1 (1st Cir. 1987).

[4] *See, e.g., Major League Baseball v. Butterworth*, 181 F. Supp. 2d 1316, 1324 (N.D. Fla. 2001); *Morsani v. Major League Baseball*, 79 F. Supp. 2d 1331, 1335 n.12 (M.D. Fla. 1999); *McCoy v. Major League Baseball*, 911 F. Supp. 454, 457 (W.D. Wash. 1995); *New Orleans Pelicans Baseball, Inc. v. Nat'l Ass'n of Prof'l Baseball Leagues*, No. 93-253, 1994 U.S. Dist. LEXIS 21468, at *28 (E.D. La. Mar. 1, 1994); *Hale v. Brooklyn Baseball Club, Inc.*, No. 1294 (N.D. Tex. Sept. 19, 1958); *Niemiec v. Seattle Rainier Baseball Club*, 67 F. Supp. 705, 712 (W.D. Wash. 1946); *Minn. Twins P'ship v. State*, 592 N.W.2d 847, 854 (Minn. 1999); *Wis. v. Milwaukee Braves, Inc.*, 31 Wis. 2d 699, 730–32 (Wis. 1966).

6

San José seeks a reversal of this long-standing and repeatedly reaffirmed policy, and therefore this Court should proceed with deliberateness and care, and not according to the unwarranted accelerated schedule San José proposes.

Further, the remedy San José hopes for is not properly available from any court; "the remedy, if any is indicated, is for congressional, and not judicial, action." *Flood*, 407 U.S. at 284-85, *see also Portland Baseball Club, Inc. v. Balt. Baseball Club, Inc.*, 282 F.2d 680 (9th Cir. 1960) ("if professional baseball is to be brought within the pale of federal antitrust laws, Congress must do it."). San José refers to the supposedly "antiquated nature" of baseball's antitrust exemption, but even the Supreme Court has held that "[i]f there is any inconsistency or illogic in [the exemption], it is an inconsistency and illogic of long standing that is to be remedied by the Congress and not by this Court." *Flood*, 407 U.S. at 284.[5]

### 2.     The Expiration of the Purported Option Agreement Does Not Provide Good Cause to Expedite the Appeal

San José does not, and cannot, identify any irreparable harm that it would suffer if the purported Option Agreement expires during the pendency of the appeal. San José will suffer no injury at all, much less irreparable harm, from

---

[5] Nor is such a reversal likely to occur. As the District Court correctly observed, Congressional action since the *Flood* decision has only "provide[d] further support for the Court's holding in *Flood* that Congress does not intend to change the longstanding antitrust exemption for 'the business of baseball' with respect to franchise relocation issues." Order at 17.

7

pursuing its appeal on a normal schedule.  All the harm San José claims it will suffer is purely speculative, and in any event could be compensated financially.

San José's own description of its potential injury is admittedly speculative:

> After the expiration of the current Option Agreement in November 2014, the City of San José *may not* be able to put together *the same option package* as set forth in the *current* Option Agreement, and the *current opportunity* for successfully relocating the Athletics from Oakland to San José will be lost….

Mot. at 6 (emphasis added).[6]  In other words, San José acknowledges the possibility of a new agreement, and therefore the harm is not irreparable.  Such "[s]peculative injury cannot be the basis for a finding of irreparable harm." *Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.)*, 502 F.3d 1086, 1098 (9th Cir. 2007) (citing *Goldie's Bookstore, Inc. v. Super. Ct.*, 739 F.2d 466, 472 (9th Cir. 1984)).

The Option Agreement is not, as San José suggests, an agreement for the Athletics to relocate to San José.  Motion 1; Gregory Decl. Ex. B (the "Option Agreement").  Instead, it is merely an agreement to sell some, but not all, parcels of land on which a ballpark *could* be built by the Athletics.[7]  *Id.*  Even if the

---

[6] Judge Whyte recognized that San José's allegation of injury was purely speculative.  He determined that they failed to allege a cognizable injury to support a finding of standing under section 4 of the Clayton Act, as the alleged economic injury "has not yet occurred, and depends on an assumption that future events will take place . . . ."  Order at 18.

[7] Notwithstanding San José's claim in its Motion to Expedite that it would partner with the Athletics to build the ballpark, a city resolution adopted by San José

8

Athletics decided to execute the option—it is the Athletics' option, not San José's—the team would still not be ready to relocate. The team's ability to relocate to San José would depend on, among many other things, its ability to obtain additional parcels of land not owned by San José and to construct a ballpark without any public funds. In other words, San Jose is entirely incorrect when it suggests that MLB's actions are solely responsible for its inability to induce a team to relocate and this Court can somehow prevent irreparable harm by rushing this appeal. Any alleged injury potentially suffered by San José due to the expiration of the Option Agreement is therefore far too speculative and remote to support a finding of irreparable harm.

Furthermore, if any form of injury to San José actually were to occur, it would be capable of monetary compensation and thus would not irreparable. *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) (holding that the Coliseum Commission's "lost revenues due to its failure to acquire an NFL team" was "monetary injury . . . not normally considered irreparable"); *see also Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) ("Economic injury alone does not support a finding of irreparable harm."). Even if the Option Agreement lapses and

---

incorporated into the Option Agreement expressly forbids such cooperation in the construction, operation, or maintenance of a ballpark in San José. Gregory Decl., Exhibit B, Option Agreement, Ex. C at ¶¶ 3-5.

9

San José is unable to put together a similar option package, any potential harm suffered from the mere loss of a contract is also not irreparable. *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1088 (9th Cir. 1989); *CFNR Operating Co. v. City of Am. Canyon*, 282 F. Supp. 2d 1114, 1119 (N.D. Cal. 2003) ("potential harm from lost contracts and revenues . . . does not constitute irreparable injury").

In addition, the purported Option Agreement is not a valid contract because it was entered into in contravention of state law. *See* Cal. Health & Safety Code §§ 34162, 34167.5. The validity of the Option Agreement will be the subject of San José's state court action against MLB, and is currently the subject of the *Stand for San José* litigation, which, as stated above and directly contrary to its position here, San José has repeatedly delayed and which has been pending for over two years. *See Stand for San José v. City of San José*, No. 111-CV-214196 (Cal. Super. Ct. Santa Clara filed Dec. 2, 2011); *City of San José v. Office of the Commissioner of Baseball*, No. CISCV178546 (Cal. Super. Ct. Santa Cruz filed Jan. 23, 2014). The expiration of this legally invalid agreement cannot possibly provide the basis for expediting the schedule of this appeal.

Finally, given San José's belated bid for expedited treatment, the briefing schedule San José proposes would not achieve the result it purportedly seeks: for the Athletics to "be permitted to exercise the option set forth in the Option

Agreement" prior to November 8, 2014. Mot. at 9. Even if San José were to succeed on this appeal, the case would be subject to MLB's right to seek review by the Supreme Court. And, even if San José actually succeeded in obtaining a reversal of professional baseball's nearly century-old antitrust exemption, this Court has held that the relocation rules of professional sports leagues can be facially valid. *See Nat'l Basketball Ass'n v. SDC Basketball Club, Inc.*, 815 F.2d 562, 568 (9th Cir. 1987); *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 726 F.2d 1381, 1398 (9th Cir. 1984). Thus, even after Supreme Court review, the case would be remanded for further proceedings on the merits—including the validity of MLB's relocation rules under the antitrust laws. It is virtually impossible that all of this could be accomplished by November, 2014, even if that date were meaningful.

The expiration of the purported Option Agreement, therefore, does not constitute good cause to expedite the appeal.

### 3. Expedited Treatment is not Warranted Under 28 USC § 1657

San José seeks to rely on 28 USC § 1657 for the faulty proposition that this case warrants priority treatment because "[t]his appeal relates to a purely federal question." Mot. at 10. First, Section 1657 provides for priority in the order in which qualifying cases are heard, not for expedited briefing schedules. 28 U.S.C. § 1657 ("[E]ach court of the United States shall determine the order in which civil

11

actions are heard and determined ...."); *see also* Cir. R. 34-3. To obtain priority under Section 1657, San José must still make a showing of good cause for expedition under Circuit Rule 27-12. Cir. R. 34-3. As described above, San José has utterly failed to make that showing. Moreover, simply because a court has federal question jurisdiction does not mean that priority treatment of an appeal is warranted. Section 1657 applies where, "'good cause' is shown if a ***right*** under the Constitution of the United States or a Federal Statute ... would be maintained in a factual context that indicates that a request for expedited consideration has merit." 28 U.S.C. § 1657(a) (emphasis added). San José identifies no existing federal right—either constitutional or statutory—that it risks losing during the pendency of the appeal. The mere fact that the case arises under a federal statute does not, alone, provide good cause for priority, much less expedited treatment.

### III. CONCLUSION

For the foregoing reasons, Appellants' Motion to Expedite Briefing and Hearing on Appeal should be denied.

Respectfully submitted,

DATED: February 5, 2014              KEKER & VAN NEST LLP

                                     By:  */s/ John W. Keker*
                                          JOHN W. KEKER
                                          PAULA L. BLIZZARD
                                          R. ADAM LAURIDSEN
                                          THOMAS E. GORMAN

**PROSKAUER ROSE LLP**
BRADLEY I. RUSKIN
SCOTT P. COOPER
SARAH KROLL-ROSENBAUM
JENNIFER L. ROCHE
SHAWN S. LEDINGHAM, JR.

*Attorneys for Defendants and Appellees*
OFFICE OF THE COMMISSIONER
OF BASEBALL, an unincorporated
association doing business as Major
League Baseball; and ALLAN HUBER
"BUD" SELIG

13

9th Circuit Case Number(s) | 14-15139

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************************

## CERTIFICATE OF SERVICE
When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) Feb 5, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | /s/ Roseann Cirelli

*********************************************************************************

## CERTIFICATE OF SERVICE
When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)